# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**KEDON NEWTON, ALEXANDER** )
**GAYLE, and DONNELL COLLINS** )
)
    **Plaintiffs,** )
)
**v.** )
) **Case No.: 5:07-CV-1178-VEH**
**DAVID C. SCHRADER, MICHAEL** )
**T. JOHNSON, and GEORGE E.** )
**COLEMAN, JR.** )
)
    **Defendants.** )

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

This is a case brought pursuant to 42 U.S.C. § 1983 with pendant state law claims. Plaintiffs are three young men who witnessed the Defendant law enforcement officers apprehend a fleeing suspect. The officers' struggle to arrest the suspect was forceful and members of the surrounding community gathered to watch the incident. Plaintiffs ultimately were arrested and charged with disorderly conduct for failing to disperse when ordered. In the course of arresting Plaintiffs, the officers kicked down the door of Plaintiffs' apartment in order to apprehend them.

On July 9, 2009, the Court entered summary judgment in favor of certain

Defendants as to certain of Plaintiffs' claims. (Memorandum Opinion, doc. 52 and Order, doc. 53). On January 11, 2010, the Plaintiffs moved to dismiss, with prejudice, their remaining state law claims.[1] (Doc. 62). On January 12, 2010, the Court granted (doc. 66) the Plaintiffs' motion.

The case proceeded to a jury trial on Plaintiffs' remaining claims against the remaining Defendants, brought pursuant to 42 U.S.C. § 1983, specifically:

a. The false arrest claims of Plaintiffs Kedon Newton, Alexander Gayle, and Donell Collins against Defendant David C. Schrader

b. The unlawful entry claims of Plaintiffs Kedon Newton and Alexander Gayle against Defendants David C. Schrader, Michael T. Johnson, and George E. Coleman, Jr.

The trial commenced on January 25, 2010. Testimony concluded on February 2, 2010, closing arguments were made, and the jury was instructed.[2,3] That same day, the jury returned a unanimous verdict in favor of all Defendants on all claims (doc. 75)

---

[1] The claims dismissed at Plaintiffs' request were asserted by Plaintiffs Kedon Newton, Alexander Gayle, and Donell Collins against David C. Schrader, Michael T. Johnson, George E. Coleman, Jr., Donald W. Long, and Jimmy G. Anderson under Alabama common law and were for false arrest/false imprisonment.

[2] Court was not held on January 29, 2010.

[3] Defendants and Plaintiffs separately moved for a directed verdict. The court orally denied the motions. (Docket entries 1/28/2010 and 2/10/2010).

and this court entered Final Judgment (doc. 76) in accordance with that verdict.

On February 12, 2010, the Plaintiffs filed a Motion for New Trial with incorporated brief. (Doc. 77). That motion is now before the court.

## II.   PLAINTIFFS' MOTION FOR NEW TRIAL

### A.   Standard for Granting a Motion for New Trial.

The Eleventh Circuit has stated that the standard for its review of a district court's grant of a new trial generally is "extremely stringent" when the district court "discards the verdict on the ground that it is against the great weight of the evidence." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 571 F.3d 1143, 1145 (11th Cir. 2009), quoting *Redd v. City of Phenix City*, 934 F.2d 1211, 1215 (11th Cir. 1991).

> While it is within a district court's discretion to grant a new trial if it finds a jury's "verdict is against the great, not merely the greater weight of the evidence," our application of this more rigorous standard of review ensures the district court does not simply substitute its own credibility choices and inferences for the reasonable choices and inferences made by the jury. [*Redd*] at 1214-15; *see also Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995) (noting the scope of discretion is narrower when the district court concludes the jury verdict was contrary to the great weight of the evidence). If the jury's verdict is supported by the evidence, then it is immaterial that we or the district judge would have arrived at the same verdict because it is not our place to substitute our judgment for that of the jury. *See Redd*, 934 F.2d at 1215; *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 679 n. 1 (11th Cir. 1984) ("The question is whether or not reasonable jurors could have concluded as this jury did based upon the evidence presented.").

*Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 571 F.3d at 1145 (footnote

omitted).

However, the Eleventh Circuit's *Auto-Owners* opinion also explains that, "[o]n the other hand, a deferential standard of review is appropriate if the district court's new trial order is precipitated by jury misconduct or other prejudicial trial events that 'contaminate' the jury's deliberative process." *Id.*, n. 2 (internal citations omitted).

In their pending Motion, the Plaintiffs ask the court to set aside the jury's verdict as against the great weight of the evidence. Plaintiffs have not alleged that any prejudicial trial events "contaminate[d]" the jury's deliberative process.[4] Thus, in accordance with the cases cited *supra*, the "extremely stringent" standard will be applied by this court.

      B.    <u>The Jury Verdict Is Not Against the Great Weight of the Evidence</u>.

The court will first set out the legal standard by which the jury was instructed to evaluate the Plaintiffs' claims of unlawful arrest and unlawful entry. The court will then consider the evidence the jury heard at trial. Finally, the court will determine whether reasonable inferences that could be drawn from the evidence support the

---

[4] Although Plaintiffs point out that the jury reached its verdict "after considering the testimony and exhibits only around 30 minutes," they cite no authority for the proposition that the length of time that the jury deliberates is itself indicative of "contamination" or a basis to set aside that verdict. Further, the court finds that the case was not factually or legally complicated or novel and that, under the circumstances of this case, the length of time that the jury deliberated was reasonable. Finally, the court notes that Defendants state that the jury was "out" for approximately 1 hour and 10 minutes (doc. 80 at fn 2).

jury's verdict.[5]

    1.    The Jury Instructions

        a.    Unlawful Arrest[6]

The jury was instructed that, for Plaintiffs to prove that Defendant Schrader violated the Plaintiffs' constitutional right to be free of unlawful arrest, the Plaintiffs had to prove, by a preponderance of the evidence, that Defendant Schrader lacked probable cause to arrest the Plaintiffs for disorderly conduct.[7] The jury specifically answered "No" to both questions of the verdict form regarding these claims. (*See* Verdict, doc. 75, p. 1).

        b.    Unlawful Entry[8]

---

[5] Plaintiffs have not challenged, in their Motion, the jury instructions. Neither have the Plaintiffs alleged any evidentiary error.

[6] The jury was instructed that these claims were asserted by all Plaintiffs against Defendant Schrader only.

[7] The jury was instructed that the Plaintiffs had to prove, by a preponderance of the evidence
| | |
|---|---|
| First: | That Officer Schrader intentionally committed acts that violated Plaintiffs' federal constitutional right not to be arrested or seized without probable cause; |
| Second: | That in so doing Officer Schrader acted "under color" of state law; and |
| Third: | That Officer Schrader's acts were the proximate or legal cause of damages sustained by Plaintiffs. |

(Doc. 81, p. 8). The jury was further instructed that they had to take the second element as established. (*Id.*, p. 9).

[8] The jury was instructed that these claims were asserted by Plaintiffs Newton and Gayle only against all three Defendants.

The jury was instructed that, for Plaintiffs to prove that the Defendants violated Plaintiff Newton's and Plaintiff Gayle's constitutional right to be free of unlawful entry (which undisputedly occurred without a warrant), those Plaintiffs had to prove, by a preponderance of the evidence, that Defendant Schrader lacked probable cause to arrest the Plaintiffs and that exigent circumstances justified entering the apartment without obtaining a warrant first.[9]  As to both Plaintiff Newton and Plaintiff Gayle as against each Defendant, the jury specifically answered "No" to both questions of the verdict form regarding these claims.  (*See* Verdict, doc. 75, pp. 2 - 3).

2.    The Evidence the Jury Heard At Trial.

The testimony that the jury heard at trial from the Plaintiffs and Kedene Newton[10] could not be reconciled as to the material factual disputes with the testimony

---

[9] The jury was instructed that Plaintiffs Newton and Gayle had to prove, by a preponderance of the evidence

First:         That Officer Schrader, Officer Johnson, and/or Officer Coleman intentionally committed acts that violated Mr. Newton's and Mr. Gayle's federal constitutional right not to be subjected to an unlawful entry into their home;
Second:   That in so doing Officer Schrader, Officer Johnson, and Officer Coleman acted "under color" of state law; and
Third:      That the acts of Officer Schrader, Officer Johnson, and/or Officer Coleman were the proximate or legal cause of damages sustained by Mr. Newton and Mr. Gayle.

(Doc. 81, pp.12 - 13).  The jury was further instructed that they had to take the second element as established.  (*Id.*, p. 13).

[10] The sister of Plaintiff, Kedon Newton.

given by the "police officers." The Plaintiffs and Kedene Newton testified, *inter alia*, that no one in their group ever yelled anything or uttered any profanities, that they never came off the balcony to the apartment, that they immediately went inside their apartment when ordered to do so, that the door was locked after they went inside, that the officers kicked the door in, that they were surprised that the officers came in, that Officer Alexander insisted that one of them confess to saying "fuck the police" or all three Plaintiffs would be arrested,[11] that they all said that no one had said that, and that they were arrested in a fairly physical manner. In all *material* respects, the "police officers" (including the three Defendants at trial) testified directly contrary to the testimony of the Plaintiffs and Kedene Newton.

In their pending Motion, Plaintiffs assert that "the verdict here is not supported by reasonable credibility choices and reasonable inferences" because:

1. The testimony of all three plaintiffs and Kedene Newton was consistent and unimpeached;
2. The testimony of the plaintiffs, moreover, was, in significant respects, consistent with the reports prepared by [Defendant] Schrader (Ex. 5) and [Officer] Johnson (Ex. 4) and [Defendant] Schrader's sworn complaints (Ex. 11); and
3. The police officers contradicted each other in numerous respects, were contradicted by the reports prepared by [Defendant] Schrader and [Officer] Johnson and the sworn complaints by [Defendant] Schrader, testified to facts inconsistent with critical undisputed facts concerning the

---

[11] Kedene Newton, Kedon Newton's sister, was present, as was a female friend. Neither of the females was arrested.

>arrest, and testified to stories contrary to logic, common sense, and human nature.

(Motion, doc. 77, *passim*).

The court finds that the jury's verdict was not against the great weight of the evidence. Rather, the case was a classic case of "he said/he said."[12] While all counsel made concerted efforts to impeach every, or almost every, witness, it was well within the jury's discretion to determine whether the particular disparities pointed out by counsel "relate[d] to an important fact or ... only an unimportant detail" and whether any misstatement "was simply an innocent lapse of memory or an intentional falsehood." (Jury instructions, doc. 81, p.7).

The testimony offered by the Defendants and the other "police officers" directly controverted — that is, impeached — the testimony of Plaintiffs (and Kedene Newton) as to the material issues in the case. However, the Plaintiffs, relying on the Fifth Circuit's application in *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927 (5th Cir. 1982), of the same standard that this court has found applicable to this case, argue that, because the testimony of the Plaintiffs and Kedene Newton were consistent (both with the testimony of the other Plaintiffs and Kedene and with reports prepared by Defendant Schrader, Officer Johnson, and Defendant Schrader's sworn complaints),

---

[12] Like Plaintiffs' counsel, the court writes this opinion without benefit of a transcript but rather from the court's trial notes and recollection of the trial.

and because the testimony of the "police officers" was so contradictory of their previous statements and sworn testimony, so contradictory of each other's testimony, so inconsistent with "critical undisputed facts concerning the arrest[s]" and so "contrary to logic, common sense, and human nature," this court should set aside the jury verdict as against the great weight of the evidence.

The Plaintiffs cite the court to the Fifth Circuit's decision in *Shows*, *op. cit*., as helpful. In *Shows*, the Fifth Circuit affirmed the trial court's grant of a motion for new trial. However, *Shows* is not helpful to Plaintiffs.

*Shows* was an automobile negligence case. Critically important, for purposes of this court's consideration of the *Shows* opinion, in *Shows*, the district court determined, and the Fifth Circuit agreed, that "the verdict at the first trial was against the great weight of the evidence." *Shows*, 671 F. 2d at 931. After reviewing the trial testimony, the court reasoned that: "[t]he defendants' main witness on liability was the driver, Dobbins. Yet his testimony was so riddled with inconsistencies as to be barely credible, if credible at all. Moreover, neither of the defendants' other liability witnesses fully supported Dobbins's account." *Id.*, 671 F.2d at 933 (footnote omitted). Further, the court "agree[d] with the district court that the testimony of [other

9

disinterested witnesses][13], along with the photographs of the scene, constituted the 'great weight of the evidence', and justified the granting of a new trial." *Id.*, 671 F. 2d at 933-934.

Here, all of the witnesses at trial were either parties or had some connection to the parties in the case. Thus, none could truly be said to be "disinterested." Further, at trial, the jury heard a recording of some of the events leading up to the entry into the apartment and Plaintiffs' arrest. That recording, unlike the photographs in *Shows*, is <u>not</u> inconsistent with the jury's verdict. Finally, the omissions or other discrepancies between reports prepared by some of Defendants' witnesses and their testimony at trial do not rise to the level of the photograph of skid marks in *Shows*, which the Fifth Circuit found "[did] not support the defendants' account of the collision." *Id.*, 671 F. 2d at 933.

III.  **CONCLUSION AND ORDER**

Therefore, applying the extremely stringent standard applicable to a motion for new trial premised on the argument that the verdict is against the "great weight" of the evidence to the evidence adduced at trial, the Motion is **DENIED**.

---

[13] None of the witnesses listed by the court in this portion of its opinion — Ishee, Sumrall, and Young — had any connection to any of the parties in the case.

**DONE** and **ORDERED** this the 29th day of April, 2010.

                                                             */s/ Virginia Emerson Hopkins*

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge